09-7042.101-RSK                                              June 17, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARGARET UNTERREINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 7042 |
| ) | |
| STONELEIGH RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is defendant Stoneleigh Recovery Associates, LLC's motion to dismiss plaintiff's complaint. For the reasons explained below we grant defendant's motion.

**DISCUSSION**

**A.   Standard of Review**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

- 2 -

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 556 (2007)). When evaluating a motion to dismiss a complaint, the court must accept as true all factual allegations in the complaint. Iqbal, 129 S. Ct. at 1949. However, we need not accept as true its legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**B. Defendant's Alleged Conduct Does Not Rise to the Level of a FDCPA Violation**

Plaintiff alleges that an employee of defendant Stoneleigh, a debt collection agency, called her to demand payment of a debt. (Compl. ¶¶ 11-12.) This person "screamed" at her, told her that she owed "all kinds of money," and asked: "how could you go and max out a card like that?" (Id. at ¶¶ 13-14.) She claims that this conduct violates the Fair Debt Collection Practices Act:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> [. . .]
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

15 U.S.C. § 1692d; see also Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769, 773-74 (7th Cir. 2003). "[I]t is clear that, when

- 3 -

read in context, subsection (2) was meant to deter offensive language which is at least akin to profanity or obscenity. Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or profane remarks." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1178 (11th Cir. 1985). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Id. at 1179. But courts may resolve the question as a matter of law in appropriate cases. Id. at 1179-80; see also Bassett v. I.C. System, Inc., No. 09-C-0301, 2010 WL 2179175, *3 (N.D. Ill. June 1, 2010); Thomas v. LDG Fin. Servs., LLC, 463 F.Supp.2d 1370, 1372-73 (N.D. Ga. 2006).

The specific statements that defendant's employee allegedly made are not "similar in their offensiveness to obscene or profane remarks." Jeter, 760 F.2d at 1178. Therefore, plaintiff has not stated a claim under § 1692d(2). Nor does the conduct alleged, viewed as a whole, rise to the level of harassment, oppression, and abuse that courts have required to establish a § 1692d violation. See, e.g., Bassett, 2010 WL 2179175, *3 (awarding defendant summary judgment where the evidence showed that "on one occasion during a telephone call, a debt collector called him a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt"); Guajardo v. GC Services, LP, Civil Action No. H-08-119, 2009 WL 3715603, *1 (S.D. Tex. Nov. 3, 2009) (granting defendant

- 4 -

summary judgment where defendant's employee called the plaintiff a "liar" and stated, "I can tell the kind of life you live by the fact that you don't pay your bills on time."); Thomas, 463 F.Supp. 2d at 1372 (dismissing § 1692d claim where debt collector stated "they were going to get their money one way or the other"). And while rude and unpleasant, the fact that Stoneleigh's employee "screamed" at plaintiff is also insufficient. See Thomas, 463 F.Supp. 2d at 1372 (no violation where defendant "yelled" at plaintiff); see also Majeski v. I.C. System, Inc., No. 08 CV 5583, 2010 WL 145861, *4 (N.D. Ill. Jan. 8, 2010) ("Yelling and rude language, while disrespectful, does not by itself violate § 1692d.").[1] The gist of plaintiff's response to Stoneleigh's motion, based on pre-Twombly formulations of the Rule 12(b)(6) standard, is that her complaint is consistent with facts that could entitle her relief. (Pl.'s Resp. at 3-4 (citing Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (reciting the now-abandoned "no set of facts" standard)).) More is required to survive a motion to dismiss. See Iqbal, 129 S.Ct. at 1949 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citation and internal quotation marks omitted).

---

[1] In a footnote plaintiff states that she is an "elderly lady, riddled with medical issues." Under the FDCPA the defendant's conduct is judged from an objective, not a subjective, point of view. See Jeter, 760 F.2d at 1179.

- 5 -

## **CONCLUSION**

Defendant's motion to dismiss (16) is granted.

DATE:    June 17, 2010

ENTER:   _/s/ John F. Grady_____
         John F. Grady, United States District Judge